IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:22-cr-00020-AWA |
| ) | |
| ADAM MAXWELL DONN, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
<u>MOTION FOR TERMINATION OF SUPERVISED RELEASE</u>**

The United States of America, by and through its attorneys, Jessica D. Aber, U.S. Attorney for the Eastern District of Virginia, and Kristen S. Taylor, Assistant U.S. Attorney, files this response in opposition to the defendant's Motion for Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1). For the reasons stated below, the defendant's motion should be denied.

**I.     Procedural Background**

On July 15, 2020, the defendant was charged by criminal complaint in the Northern District of Oklahoma with one count of Cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B). *United States v. Adam Maxwell Donn*, 4:20-cr-00150-CVE, Northern District of Oklahoma, at Dkt. No. 1. On July 24, 2020, the defendant had his initial appearance on the complaint. *Id*. at Dkt. No. 6. At this proceeding, the defendant waived his right to a preliminary hearing and was granted an appearance bond with conditions. *Id*. at Dkt. Nos. 7-9.

On September 8, 2020, the defendant was charged by criminal information with one count of Cyberstalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5). *Id*. at Dkt. No. 16. On September 11, 2020, the defendant was arraigned on the criminal information and formally waived his right to be charged by indictment. *Id*. at Dkt. Nos. 19-20. On October 21, 2020, the defendant

pled guilty to the sole count of the Criminal Information pending against him. *Id*. at Dkt. No. 28-32.

On January 11, 2021, the defendant filed a motion for a downward variance. *Id*. at Dkt. No. 34. In his motion, the defendant requested a sentence of 12 months' home confinement followed by three years of supervised release. *Id*. Ultimately, on January 25, 2021, the Court imposed a sentence of 15 months' incarceration, followed by three years of supervised release. *Id*. at Dkt. Nos. 37, 39. The defendant was permitted to self-surrender to his designated Bureau of Prisons ("BOP") facility on March 10, 2021. *Id*. at Dkt. No. 39. Upon the defendant's unopposed motion, the defendant's reporting date was extended by 12 days. *Id*. at. Dkt. Nos. 42-43.

On March 10, 2022, the Northern District of Oklahoma transferred jurisdiction to the Eastern District of Virginia. *Id*. at Dkt. No. 45; *see also United States v. Adam Maxwell Donn*, 2:22-cr-00020-AWA, Eastern District of Virginia, at Dkt. No. 1. On January 11, 2024, the defendant moved for early termination of supervised release. *United States v. Adam Maxwell Donn*, 2:22-cr-00020-AWA, Eastern District of Virginia, at Dkt. No. 3. On January 25, 2024, this Court issued an Order directing the United States to file a memorandum, no later than February 29, 2024, explaining any objections it has to the defendant's motion. *Id*. at Dkt. No. 6.

## II. Law and Argument

Pursuant to 18 U.S.C. § 3583(e)(1):

> the Court may, *after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7)---* [] terminate a term of supervised release and discharge the defendant released *at any time after the expiration of one year of supervised release*, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, *if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice*.

18 U.S.C. § 3583(e)(1) (emphasis added). Furthermore, pursuant to 18 U.S.C. § 3583(e)(2):

the court may, after considering the same factors,

> *modify*, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

18 U.S.C. § 3583(e)(2) (emphasis added).

The defendant requests that this Court, pursuant to its inherent authority under 18 U.S.C. § 3582(e)(1), terminate his supervised release. The defendant's period of supervised release began on January 18, 2022, and is scheduled to terminate on January 17, 2025. As a threshold matter, because the defendant has served more than one year of his supervision term, he is eligible to be considered for early termination. The government, however, objects to the defendant's motion and, for the reasons set forth below, believes that termination of the defendant's supervised release is inappropriate at this juncture.

### A. *Early termination of the defendant's period of supervised release would hamper the deterrent effect of the defendant's sentence.*

Between June 11 and June 20, 2020, the defendant, using his cell phone and computer, sent approximately 47 emails to the mayor of Tulsa, Oklahoma, his wife, and his wife's coworkers. *United States v. Adam Maxwell Donn*, 2:22-cr-00020-AWA, Eastern District of Virginia, at Dkt. No. 7 (hereinafter, "PSR") ¶ 8. During this time frame, the defendant also called the mayor's wife's work phone number and left 14 voicemails. *Id*. The defendant sent these emails and left these voicemails in response to the mayor's plans to hold a campaign rally for President Trump in Tulsa during the midst of the COVID-19 pandemic. *Id*. The defendant's emails and voicemails were explicit, harassing, and at times, threatening and appalling in nature. For example, on June 19, 2020, the defendant wrote an email to the mayor's wife, stating, "Get ready bitch. Your family

3

wants to put Tulsa at risk I'm putting you at risk. Gonna be publishing your home address, kids cell numbers, your cell, and promise all their social media. . . Hope you get covid bitch." PSR ¶ 9.

The defendant also made statements in his emails and voicemails about the mayor's family's address and whereabouts, indicating that he knew where they lived, where the mayor's wife worked, and where the mayor went to bible study. PSR ¶ 10. On June 20, 2020, the defendant sent an e-mail to the mayor's wife, stating, "You gonna be home later?? Id like to meet!" and the subject line asked if she still lived at a particular location. *Id*. The defendant also sent emails to the mayor's wife's coworkers and input the mayor's wife's email address to give the appearance that the emails came from her, and not the defendant. PSR ¶ 9.

The defendant's conduct caused emotional distress, fear, and reputational damage. PSR ¶ 11. Moreover, the mayor and his wife were so disturbed by the fact that the defendant appeared to know where they lived that they sold their home and moved to a new location. *Id*. Thus, in albeit a short amount of time, the defendant caused a substantial amount of damage.

For the conduct described above, the defendant received a sentence of 15 months' incarceration, followed by a three-year term of supervised release. Fifteen months of incarceration is a substantial downward variance from an advisory guideline range of 46-57 months. PSR ¶ 41. As such, the three-year period of supervised release constitutes a significant part of the defendant's sentence, and terminating supervision a year early would undermine the deterrent message the Court likely intended to send to this defendant and others similarly situated. *See United States v. Zilevu*, 2024 WL 287698 (E.D.V.A. Jan. 25, 2024), at *2.

### B. *Continued supervision is critical to protecting the public from future crimes perpetrated by this defendant.*

The defendant suffers from numerous mental health diagnoses. PSR ¶¶ 33, 34; *see also United States v. Adam Maxwell Donn*, 2:22-cr-00020-AWA, Eastern District of Virginia, at Dkt. No. 3, Exhibits 1-4 (Sealed). Notably, the defendant has gone to great lengths to suggest that the harassment and threats he perpetrated in June 2020 were a direct result of him discontinuing his prescription medications and mental health treatment. *Id*. The defendant stated that without his medication, he experienced heightened anxiety, a marked increase in obsessive preoccupation with the pandemic, significant weight loss, and extensive sleep disturbance. PSR ¶ 34.

It appears that the defendant's health care providers collectively agree that combined medical management and individual therapy sessions, at a specified interval, are essential to the defendant remaining stable and thus, presenting a minimal risk of reoffending. Therefore, it is vital to the ongoing safety of the public that the defendant maintain his medication management plan and meet with his providers as directed. Accordingly, the government believes that continued supervision to ensure compliance in this regard is prudent in this case.

### C. *The defendant's compliance with conditions of supervision is not sufficient to warrant early termination.*

In his motion for early termination of supervised release, the defendant states that no violations have been reported by the United States Probation Office (hereinafter, the "USPO") and that the defendant has been a model probationer. "[C]ompliance with the terms of supervised release it not itself sufficient to warrant termination." *Smith v. United States*, 2023 WL 8586680 (E.D.V.A. Dec. 11, 2023), at *7. "'[E]ven model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'" *Id*. (quoting *Folks v. United States*, 733 F.Supp. 2d, 649, 652

(M.D.N.C. 2010) (alteration in original)). Moreover, after a call with counsel for the defendant and the defendant's probation officer, it is the government's understanding that while the defendant has been largely compliant with his terms of supervised release, he recently obtained a line of credit without first obtaining his probation officer's permission. This is contrary to special financial condition number 2(b.). *United States v. Adam Maxwell Donn*, 4:20-cr-00150-CVE, Northern District of Oklahoma, at Dkt. No. 39.

The inquiry into whether this Court should terminate the defendant's period of supervision early "is broader than the individual's conduct." *United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999) (noting that the phrase "and the interest[s] of justice" gives the court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate a supervised release period). "Circumstances that justify early discharge have included *exceptionally good behavior* that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals. *Folks*, 733 F.Supp. at 651 (quoting *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir.1997) (emphasis added). "The decision lies within the district court's discretion." *Id*.

The defendant fails to allege why his conduct should be considered "exceptionally good behavior." Even disregarding the violation described above, the defendant's compliance with conditions of supervision is not exceptional, it is what is expected, and should be expected by this Court. The defendant is still serving a criminal justice sentence for his conduct that occurred in June 2020 and he accordingly should be on his best behavior. The pressure and stress that the defendant experiences as part of remaining under the Court's supervision is the same pressure and stress felt by any defendant serving a criminal justice sentence while living in the community. It is a notable obligation that should be taken very seriously.

Nothing else in the defendant's motion supports a finding by this Court of exceptional circumstances that render the three-year term of supervised release either too harsh or inappropriately tailored to serve general punishment goals. In fact, for the reasons stated above, the goals of sentencing are best accomplished by keeping the defendant under supervision for the remaining year of his term.

Finally, the defendant alleges that continued supervision only serves now to create unhealthy anxiety and potential stumbling blocks. First, as discussed above, all criminal defendants likely experience some form of anxiety when under the Court's supervision. This should prompt careful attention to the terms of supervision, and regular communication with the probation officer when questions as to the specific terms of supervision arise.

The defendant's motion does not include any specific stumbling blocks created by the terms of supervision. After speaking with counsel for the defendant, and the defendant's probation officer, it is the government's belief that the defendant may misunderstand some of the computer monitoring restrictions in place pursuant to special condition number 4. *United States v. Adam Maxwell Donn*, 4:20-cr-00150-CVE, Northern District of Oklahoma, at Dkt. No. 39. The defendant has some concerns about individuals bringing electronics into his residence without his probation officer's permission and this has apparently impeded his perceived ability to allow certain individuals to visit his home.

As discussed above, on February 26, 2024, counsel for the government, counsel for the defendant, and the defendant's probation officer spoke on the phone. After concluding the call, the defendant's probation officer confirmed, via email, that special condition number 4 does *not* prohibit other devices that are owned by another individual from entering the defendant's residence or vehicle. If there are internet capable devices that are owned by another individual, who lives

7

with the defendant, in the defendant's residence, then the defendant must disclose that information to his probation officer. However, this rule does not apply to individuals who are visiting for the day.

While the government firmly opposes terminating the defendant's supervised release at this juncture, it does not oppose certain modifications and/or clarifications to the defendant's current terms of supervised release. Specifically, to the extent the Court and the defendant's probation officer believe it is useful to add language to special condition number 4 to clarify who may, and who may not, bring electronic devices into the defendant's home without permission, the government does not object, especially if this would help alleviate the perceived stumbling block created by this condition.

### III. Conclusion

For all the reasons stated above, the government respectfully requests that the defendant's motion be denied.

                                        Jessica D. Aber
                                        United States Attorney

                                        By: _____/s/_____
                                           Kristen S. Taylor
                                          Assistant United States Attorney
                                          PA Bar No. 326039
                                          101 West Main Street, Suite 8000
                                          Norfolk, Virginia 23510
                                          Tel. - 757-441-3674
                                          Fax - 757-441-6689
                                          E-mail Address – Kristen.taylor2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record who are users of the CM/ECF system.

I further certify that on February 29, 2024, I will send an electronic copy of the foregoing to the following:

        Marquis Branch-Jackson
        United States Probation Officer

        /s/_____
        Kristen S. Taylor
        Assistant United States Attorney
        101 West Main Street, Suite 8000
        Norfolk, Virginia 23510
        Tel. - 757-441-3674
        Fax - 757-441-6689
        E-mail Address – Kristen.taylor2@usdoj.gov